Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVON MEYERS,<br>*individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Devon Meyers ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Credit Control, LLC ("Defendant") for violating the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), and 28 U.S.C §1331.

2. Supplemental jurisdiction exists for the Rosenthal Act claim under 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Santa Clara County, California.

4. Venue of this action is proper in this Court because, pursuant to Cal. Code of Civ. Proc. § 395.5, et seq., the cause of action alleged below arose in Santa Clara County, California.

5. This action is brought within the applicable statutory time limits of California law.

**PARTIES**

6. Plaintiff is a natural person, and a citizen of the State of California, residing in Santa Clara County, California.

7. Defendant is a Missouri Limited Liability Company, with its principal place of business located in Earth City, Missouri.

**DEMAND FOR JURY TRIAL**

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

9. On or about a date better known by Defendant, Defendant began attempting to collect a debt (the “Consumer Debt”) from Plaintiff.

10. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the “Subject Service”).

11. The Subject Service was primarily for personal, family, or household purposes.

12. Plaintiff is a “debtor” within the meaning of Cal. Civ. Code § 1788.2(h).

13. Defendant is a “debt collector” within the meaning of 15 U.S.C. § 1692a(6).

14. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant is a business entity engaged in the business of collecting consumer debts.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

18. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

19. Section 1692c(a)(1) of the FDCPA is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.

20. Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

21. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1). (emphasis added).

22. Under the Rosenthal Act, the definition of "debt collector" is broader and more inclusive than under the FDCPA because the Rosenthal Act allows for those collecting debts on their own behalf to be considered "debt collectors." See Cal. Civ. Code § 1788.2(c).

23. Plaintiff may state a claim for violation of the Rosenthal Act by showing that Defendant, a person attempting to collect an alleged debt on its own behalf, violated section 1692c(a)(1) of the FDCPA. See Cal. Civ. Code § 1788.17.

**THE COMMUNICATIONS**

24. On or about February 19, 2026 (labeled as "Thursday 10:55 PM"), Defendant sent a text message communication to Plaintiff (the "First Communication").

25. Attached as "Exhibit A" is a copy of the First Communication.

26. The First Communication was a communication in connection with the collection of the Consumer Debt.

27. The First Communication was sent from Defendant and delivered to Plaintiff's personal phone number.

28. The First Communication advised: "TAX SEASON SETTLEMENT INCENTIVE! Visit http://MyCCL.co?[REDACTED] or call 833-650-6366 nFrom Credit Control debt collector…"

29. The First Communication was sent by Defendant to Plaintiff at 10:55 PM in Plaintiff's time zone.

30. The First Communication was received by Plaintiff from Defendant at 10:55 PM in Plaintiff's time zone.

31. On or about February 23, 2026 (labeled as "Today 10:42 PM"), Defendant sent a text message communication to Plaintiff (the "Second Communication").

32. Attached as "Exhibit A" is a copy of the Second Communication.

33. The Second Communication was a communication in connection with the collection of the Consumer Debt.

34. The Second Communication was sent from Defendant and delivered to Plaintiff's personal phone number.

35. The Second Communication advised: "SETTLE your account using your tax refund! Visit http://MyCCL.co?[REDACTED] or call 833-650-6366 from Credit Control debt collector…"

36. The Second Communication was sent by Defendant to Plaintiff at 10:42 PM in Plaintiff's time zone.

37. The Second Communication was received by Plaintiff from Defendant at 10:42 PM in Plaintiff's time zone.

38. Plaintiff does not owe the Consumer Debt, the messages were directed at an unknown person named Michael, which is neither the name nor alias of Plaintiff.

## CLASS ALLEGATIONS

### Proposed Class

39. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons. The "Class" that Plaintiff seeks to represent is the below defined "FDCPA Class" and "Rosenthal Act Class" (collectively, "Classes").

40. The "FDCPA Class" consists of: [1] all persons with United States addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

41. The "Rosenthal Act Class" consists of: [1] all persons with California addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt.

42. Defendant and its employees or agents are excluded from the Classes.

43. Plaintiff does not know the number of members in the Classes but believes the number is in the several thousands, if not more.

### Numerosity

44. Upon information and belief, Defendant has sent thousands of electronic mail communications to United States and California consumers between 9:00 PM and 8:00 AM,

whereby such electronic mail communications violate 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

45. The exact number and identities of the members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's e-mail records.

## Common Questions of Law and Fact

46. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are: [1] Whether Defendant sent an electronic communication to Plaintiff and members of the Classes in connection with the collection of a consumer debt; [2] Whether Defendant sent such communication(s) between 9:00 PM and 8:00 AM; [3] Whether Defendant should be enjoined from such conduct in the future.

47. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends electronic mail communications that violate 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17 is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

## Typicality

48. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

## Protecting the Interests of the Class Members

49. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

## SUPERIORITY

50. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

51. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

52. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 1-51 of this Class Action Complaint.

53. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location." 15 U.S.C. § 1692c(a)(1).

54. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. See “Exhibit A” (the “Electronic Communications”). The Electronic Communications were sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Electronic Communications, Defendant violated § 1692c(a)(1) of the FDCPA.

WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests relief and judgment as follows:

(a) Determine this action is a proper class action under Federal Rules of Civil Procedure;

(b) A declaration that Defendant’s conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

(c) Award Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(d) Enjoin Defendant from future violations of 15 U.S.C. § 1692c(A)(1) with respect to Plaintiff and the FDCPA Class;

(e) Award Plaintiff and members of the FDCPA Class reasonable attorneys’ fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF CAL. CIV. CODE § 1788.17

55. Plaintiff, individually and on behalf of the Rosenthal Act Class, incorporates by reference ¶¶ 1-51 of this Class Action Complaint.

56. Section 1692c(a)(1) of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, prohibits a debt collector, without the prior consent of the

consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1) (emphasis added).

57. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. *See "*Exhibit A" (the "Electronic Communications"). The Electronic Communications were sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM.

58. As such, by and through the Electronic Communication, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff, individually and on behalf of the Rosenthal Act Class, requests relief and judgment as follows:

(a) Determine this action is a proper class action under California Code of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17 and/or 1788.30;

(c) Award Plaintiff and members of the Rosenthal Act Class statutory damages pursuant to Cal. Civ. Code § 1788.17 and/or 1788.30;

(d) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff and the Rosenthal Act Class;

(e) Award Plaintiff and members of the Rosenthal Act Class reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17 and/or 1788.30.

(f) Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692e**

59. Plaintiff incorporates by reference paragraphs 1-51 of this Complaint as though fully stated herein.

60. As stated above, through the Collection Messages, Defendant attempted to collect the Consumer Debt from Plaintiff.

61. Plaintiff does not owe the Consumer Debt the messages were directed at an unknown person named Michael, which is neither the name nor alias of Plaintiff.

62. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

63. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken regarding the Consumer Debt.

64. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

65. Through the Collection Messages, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

66. Accordingly, Defendant violated 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10) through the Collection Messages.

WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF CAL. CIV. CODE § 1788.17**

67. Plaintiff incorporates by reference paragraphs 1-51 of this Complaint as though fully stated herein.

68. Section 1692e of the FDCPA, incorporated into the Rosenthal Act by Cal. Civ. Code § 1788.17, sets forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt," *see* 15 U.S.C. § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *see* 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *see* 15 U.S.C. § 1692e(10).

69. As stated above, through the Collection Messages, Defendant attempted to collect the Consumer Debt.

70. Plaintiff does not owe the Consumer Debt the messages were directed at an unknown person named Michael, which is neither the name nor alias of Plaintiff.

71. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant made a false representation of the character, amount and/or legal status of the Consumer Debt.

72. By attempting to collect an alleged debt that was not owed by Plaintiff, Defendant threatened to take an action that could not be legally taken regarding the Consumer Debt.

73. By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a false representation and/or deceptive means to collect the Consumer Debt.

74. Through the Collection Messages, Defendant wrongfully caused Plaintiff, the least sophisticated consumer, to believe that they may have owed a debt that they did not actually owe.

75. As such, by and through the Collection Messages, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff requests relief and judgment as follows:

(a) A declaration that Defendant's conduct and/or practices described herein violate Cal. Civ. Code § 1788.17;

(b) Award Plaintiff statutory damages pursuant to Cal. Civ. Code § 1788.17 & 1788.30(b);[1]

(c) Enjoin Defendant from future violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff;

(d) Award Plaintiff reasonable attorneys' fees and costs, including expert fees, pursuant to Cal Civ. Code § 1788.17.[2]

(e) Any other relief that this Court deems appropriate under the circumstances.

---

[1] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(2)(A).

[2] Cal. Civ. Code § 1788.17 states that "every debt collector collecting or attempting to collect a consumer debt … shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code," which includes 15 U.S.C. § 1692k(a)(3).

Dated: April 30, 2026

Respectfully Submitted,

<u>/s/ Gerald D. Lane, Jr.</u>

**GERALD D. LANE, JR., ESQ.**
California Bar No.: 352470
E-mail: gerald@jibraellaw.com
E-mail: melanie@jibraellaw.com
E-mail: eric@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*